**Lawrence NEMZEK, Petitioner–Appellant,**

v.

**David JAMROG, Warden, Respondent–Appellee.**

No. 03–1780.

United States Court of Appeals, Sixth Circuit.

March 19, 2004.

Lawrence Nemzek, Gus Harrison Correctional Facility, Adrian, MI, pro se.

William C. Campbell, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

*ORDER*

Lawrence Nemzek appeals a district court judgment that denied with prejudice his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In accord with a plea bargain, Nemzek pleaded guilty to one count of first-degree criminal sexual conduct. Mich. Comp. Laws § 750.520b(1)(a) (2002) (amended 2003). In return, the State (a) dismissed four other counts of first-degree, and ten counts of third-degree, criminal sexual conduct; (b) agreed not to pursue certain other potential cases of criminal sexual conduct by Nemzek; and (c) agreed to recommend a sentence of eight to twenty years, although even a single count of first-degree criminal sexual conduct car-

ried a possible penalty of life imprisonment, Mich. Comp. Laws § 750.520b(2) (2002) (amended 2003). After accepting his plea, the court found Nemzek guilty and imposed a sentence of 12–20 years. Nemzek exhausted his state remedies, then petitioned for federal habeas relief, which the district court denied. He timely appealed, and the district court granted him a certificate of appealability on three of his federal habeas claims: whether (1) there had been substantial doubt of his competency to plead guilty, (2) trial counsel was ineffective in not requesting a competency exam, and (3) appellate counsel was ineffective in not raising the foregoing issues on direct appeal to the state court of appeals.

As Nemzek filed his federal petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards govern. *Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). District court rulings on legal questions, on mixed questions of law and fact, and on procedural-default issues are all reviewed de novo. *Scott v. Elo,* 302 F.3d 598, 602 (6th Cir. 2002) (legal conclusions), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1026 (2003); *Lott v. Coyle,* 261 F.3d 594, 606 (6th Cir.2001) (mixed questions and procedural-default rulings). State court rulings, in general, are reviewed under a far more deferential standard. A district court should not grant a habeas petition on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Section 2254(d)(1)'s contrary-to/unreasonable-application analysis

does not apply, however, to a claim the state court resolved without deciding the federal constitutional issues, as when it found the claim procedurally barred. Instead, if the federal court reaches the claim's merits, it reviews them under pre-AEDPA law (de novo review applied to legal or mixed questions). *Maples v. Stegall,* 340 F.3d 433, 436–37 (6th Cir.2003).

The warden argues that Nemzek's three claims are procedurally barred. We need not decide this argument, however, because Nemzek would lose even if we reached the merits of his claims and even if we applied de novo review.

Under the Federal Constitution, "[a] criminal defendant may not be tried unless he is competent." *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The standard for competence to plead guilty is the same as the standard for competence to stand trial: whether the defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him. *Id.* at 396–98. The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency. *Pate v. Robinson,* 383 U.S. 375, 385–86, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). On review, this court has to determine whether a reasonable judge, situated as was the trial court judge, should have experienced doubt of the defendant's competency. *Mackey v. Dutton,* 217 F.3d 399, 413–14 (6th Cir.2000).

To establish ineffective assistance of counsel, meanwhile, Nemzek must show that (1) his counsel's performance was deficient and (2) that deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test for determining prejudice is whether there is a reasonable probability that, but for coun-

sel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694.

We have examined the record, including Nemzek's evidence in support of his claims. A reasonable judge, situated as was the trial judge, would not have experienced doubt of Nemzek's competency. There is not a reasonable probability that the result of the proceedings would have been different had counsel requested a competency hearing. Therefore, trial counsel was not ineffective in not requesting a hearing. Consequently, appellate counsel was not ineffective in not raising the competency and trial-ineffectiveness claims.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.